United States v. Clark

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         DEBRA ANN LIVINGSTON,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-3809

EDDIE LAMONT CLARK,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              BARCLAY T. JOHNSON, Office of the
                            Federal Public Defender, District
                            of Vermont, Burlington, VT.

FOR APPELLEE:               BARBARA A. MASTERSON (Gregory L.
                            Waples, on the brief), Assistant

1

United States Attorney, <u>for</u> Eric S. Miller, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Eddie Lamont Clark appeals from the judgment of the United States District Court for the District of Vermont (Murtha, <u>J</u>.) denying Clark's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Clark was convicted of conspiracy to distribute cocaine. At sentencing, relying on the 2009 edition of the United States Sentencing Guidelines, the district court calculated Clark's Guidelines range to be 210-262 months' imprisonment.  Pursuant to a plea agreement, the district court principally sentenced Clark to 144 months' imprisonment.

Once Amendment 782 to the United States Sentencing Guidelines (which reduced offense levels for certain drug offenses by two levels) was made retroactive, Clark moved to reduce his sentence to 120 months' imprisonment, the mandatory minimum sentence under the statute, to reflect a reduction comparably less than the amended Guidelines range, as permitted by § 1B1.10 of the Guidelines.  The district court denied his motion.  The district court calculated his amended Guidelines range to be 168-210 months' imprisonment; based on the current version of § 1B1.10, which prohibits a sentence reduction to "a term that is less than the minimum of the amended guideline range" except in certain cases where a defendant has provided substantial assistance to the government, the district court concluded that Clark was ineligible for a sentence reduction because his sentence of 144 months' imprisonment fell below the amended Guidelines range.  The district court also rejected Clark's contention that the current version of § 1B1.10, which

2

took effect after his sentencing, violates the Ex Post Facto Clause.

1.  A court may reduce a defendant's sentence if he has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); see also Dillon v. United States, 560 U.S. 817, 819 (2010).

The Sentencing Commission's § 1B1.10 policy statement prohibited the district court from granting Clark a sentence reduction below 168 months' imprisonment because that was the minimum of his amended Guidelines range.  The district court correctly found Clark ineligible for a sentence reduction.

2.  The Ex Post Facto Clause prohibits "the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred."  Weaver v. Graham, 450 U.S. 24, 30 (1981).  A particular change in law violates the Ex Post Facto Clause if it "presents a sufficient risk of increasing the measure of punishment attached to the covered crimes." Peugh v. United States, 133 S. Ct. 2072, 2082 (2013) (internal quotation marks omitted).

The fact that § 1B1.10 was revised after Clark's sentencing to restrict eligibility for a sentence reduction authorized by a later Guidelines amendment does not violate the Ex Post Facto Clause because, as we recently held, it does not present a risk of increasing his, or any other defendant's, punishment. United States v. Ramirez, -- F.3d --, 2017 U.S. App. LEXIS 1297, at *19-20, 2017 WL 359652, at *6-7 (2d Cir. Jan. 25, 2017).

Accordingly, and finding no merit in Clark's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK